IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 08-cr-0365-07 |
| | ) | 02: 08-cr-0365-20 |
| KATIE ANN CHANDLER | ) | |
| and BRYAN PATRICK LUCAS | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Presently before the Court is the issue of whether the dual representation by Gary B. Zimmerman, Esquire, of Defendants Katie Ann Chandler and Bryan Patrick Lucas creates a conflict of interest or a serious potential for a conflict. On March 12, 2009, the Court held a hearing on the propriety of such representation and the issue is now ripe for disposition. For the reasons that follow, the Court finds that at this time there is no actual or serious potential for conflict of interest with the dual representation by Gary B. Zimmerman, Esquire.

**Background**

Katie Ann Chandler and Bryan Patrick Lucas are two of thirty-five individuals named as defendants in a twenty-seven count Superseding Indictment returned by a Grand Jury under seal on November 12, 2008. Ms. Chandler is charged with cocaine- related crimes in two counts of the Superseding Indictment and Mr. Lucas is charged with one cocaine-related crime and one Oxycontin / Percocet / Xanax -related crime. Both of these individuals, along with thirty other defendants, are charged in Count One of the Superseding Indictment with the crime of conspiracy to distribute and possess with the intent to distribute five (5) kilograms or more of cocaine, and fifty (50) grams or more of cocaine base in the form of crack.

On November 20, 2008, Attorney Gary B. Zimmerman entered his appearance on behalf of Ms. Chandler. On February 17, 2009, Attorney Zimmerman entered his appearance, joining with Attorney William O. Schmalzried, on behalf of Defendant Bryan Patrick Lucas. Along with other defendants, both Ms. Chandler and Mr. Lucas have entered pleas of not guilty.

Given the requirement of Federal Rule of Criminal Procedure 44(c)[1] that the Court "promptly inquire about the propriety of joint representation," the Court conducted a hearing on on March 12, 2009, to determine whether an actual or serious potential for conflict of interest exists with the continued dual representation of Katie Ann Chandler and Bryan Patrick Lucas by Attorney Zimmerman.

**Standard of Review**

The Court of Appeals for the Third Circuit has made clear that "[t]he Sixth Amendment guarantee of effective assistance of counsel includes two correlative rights, the right to adequate representation by an attorney of reasonable competence and the right to the attorney's undivided loyalty free of conflict of interest." *United States v. Moscony,* 927 F.2d 742, 748 (3d Cir. 1991). "However, another right is derived from the right to effective

---

[1] Federal Rule of Criminal Procedure 44(c) provides, in pertinent part, as follows:

> The court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel.

assistance of counsel, for the 'the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice.' " *Moscony*, 927 F.2d at 748 (*citing Powell v. Alabama*, 287 U.S. 45, 53 (1932)). "Thus a presumptive right to counsel of one's choice has been recognized as arising out of the Sixth Amendment." *Moscony,* 927 F.2d at 748 (*citing Wheat v. United States*, 486 U.S. 153, 159 (1988)). However, this presumption is only that, and may be overcome "not only by a demonstration of actual conflict but by a showing of serious potential for conflict." *Wheat*, 486 U.S. at 164; *Moscony,* 927 F.2d at 750. Determining whether such a conflict exists under this standard "must be left primarily to the informed judgment of the trial court." *Wheat,* 486 U.S. at 164. However, as noted by our appellate court this "is no simple task . . . [t]he likelihood and dimensions of nascent conflicts of interest are notoriously hard to predict, even for those thoroughly familiar with criminal trials." *United States v. Voight*, 89 F.3d 1050, 1076 n. 12 (3d Cir. 1996) (*citing Wheat*, 486 U.S. at 162-63).

"The district court's power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorneys appearing before it." *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980). The United States Supreme Court has held, "Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." Thus, the district court may override a defendant's waiver of his attorney's conflict of interest. *Wheat,* 486 U.S. at 160.

3

**Discussion**

At the outset, the Court must determine whether an actual or serious potential conflict of interest exists. *Wheat,* 486 U.S. at 161. If an actual or serious potential conflict of interest is found to exist, the Court must then determine whether that conflict can be waived. *Id*. at 162. If waiver is not possible, the attorney must be disqualified.

In general, Pennsylvania Rule of Professional Conduct 1.7 allows for a waiver of a potential conflict of interest where "each affected client gives informed consent." However, in cases of very serious or irreconcilable conflicts, the conflict may not be waivable.

There is no dispute that Attorney Zimmerman represents both Katie Ann Chandler and Bryan Patrick Lucas in this case. Attorney Zimmerman has represented to the Court, however, that it is his strong belief that there is no actual or serious potential for conflict in his continued representation of these two clients. Defense counsel, who "knows the intricacies of this case far better than the court, has stated that the representation of [neither] of his clients will be adversely affected." *Kaiser v. Stewart,* No. 96-6643, 1997 WL 186329, at *3 (E. D. Pa. Apr. 10, 1997).

Furthermore, Defendants have each stated in open court their desire to proceed with their representation by Attorney Zimmerman, each has averred that they are cognizant of the potential for serious conflict, and each has given written "informed consent" to the continued dual representation.

Under these circumstances, the Court finds that, at this time, there is no actual conflict of interest or serious potential conflict. To the extent that there is any such conflict,

4

both defendant Katie Ann Chandler and defendant Bryan Patrick Lucas have knowingly, intelligently and voluntarily waived the same, which waiver the Court accepts.

**Conclusion**

While cognizant that "[c]onflicts of interest arise whenever an attorney's loyalties are divided," *see Moscony*, 927 F.2d at 750, the Court does not find, at this time, any actual or serious potential conflict that overcomes the presumption that a defendant is entitled to counsel of his choice, as to either defendant Katie Ann Chandler or defendant Bryan Patrick Lucas. If, however, at any time in the future, either defendant Katie Ann Chandler or defendant Bryan Patrick Lucas feels that they are not receiving the independent professional judgment of their attorney or that it has been interfered with, or that the defendants cannot act independently, either defendant may petition the court for a change of counsel.

If the Court perceives that either Defendant is not receiving the independent professional judgment of her / his attorney or that it has been interfered with, or that the defendants cannot act independently, the Court may revisit this issue.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 08-cr-0365-07 |
| | ) | 02: 08-cr-0365-20 |
| KATIE ANN CHANDLER | ) | |
| and BRYAN PATRICK LUCAS | ) | |

## ORDER OF COURT

**AND NOW**, this 13th day of March, 2009, in accordance with the foregoing Memorandum Opinion, the Court hereby rules as follows:

1. The Court finds that at this time there is no actual conflict of interest or serious potential for conflict with reference to the dual representation by Gary B. Zimmerman, Esquire, of Defendants Katie Ann Chandler and Bryan Patrick Lucas.

2. The Court finds that, to the extent that there is any such conflict, both defendant Katie Ann Chandler and defendant Bryan Patrick Lucas have knowingly, intelligently, and voluntarily waived the same, which waiver the Court accepts.

3. This Order is without prejudice to the right of defendant Katie Ann Chandler or defendant Bryan Patrick Lucas to petition the court *pro se* for a change of counsel, if at any time they feel that they are not getting independent professional advice from Attorney Zimmerman or that it is being interfered with, or that either Defendant feels that they cannot act independently from any other defendant as a result of any of the circumstances set forth hereinabove.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Troy Rivetti,
Assistant U.S. Attorney
Troy.Rivetti@usdoj.gov

Craig W. Haller,
Assistant U.S. Attorney
craig.haller@usdoj.gov

Gary B. Zimmerman, Esquire
Email: garybzim@aol.com